UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cr-263-FDW-1

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JERRY WAYNE OVERCASH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Modification of Imposed Term of Imprisonment filed by counsel pursuant to the First Step Act of 2018, the Second Chance Act of 2008, and the Second Chance Reauthorization Act of 2018.

Defendant pled guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371. The Presentence Investigation Report ("PSR") indicates that he has zero criminal history points. (Doc. No. 18 at 6). In a Judgment docketed on April 28, 2016, the Court sentenced him at the bottom of the advisory guideline range to 46 months' imprisonment followed by two years of supervised release and assessed $1,341,259.56 in restitution. (Doc. No. 24). Defendant did not appeal.

On March 20, 2019, Defendant filed the instant Motion through counsel. He asserts that he reported to a prison camp to begin his sentence on November 10, 2015, is currently 70 years old, is in relatively good health for his age although he suffers from rheumatoid arthritis, hypertension, hypothyroidism, has zero BOP infractions, and his projected release date is April 14, 2020.

Counsel submitted letters requesting compassionate release to the warden of his prison camp on February 19 and 25 of 2019. See (Doc. Nos. 35-1, 35-2). The warden allegedly summoned

Defendant to his office on February 28, 2019, berated him for seeking compassionate release, denied his request, and suggested that future requests would likewise be denied. Defendant argues that the Court should grant relief because Defendant has exhausted his administrative remedies and due to the undisputed extraordinary and compelling reasons present in Defendant's case.

The Government has filed a Response opposing Defendant's Motion. (Doc. No. 38). The Government argues that no relief is available under the First Step Act because (1) no extraordinary and compelling reason to warrant such a reduction exist, (2) Defendant does not have a medical condition warranting a reduction, and (3) he has not shown that he is eligible for reduction based on his age and other factors. The Government further argues that the Court lacks authority to review the Bureau of Prisons' or the Attorney General's decision on a request for compassionate release under the Second Chance Act.

In his Reply, Defendant reiterates his arguments for relief, notes that release is supported by the factors set forth in 18 U.S.C. § 3553(a), and argues that permitting Defendant to serve the remainder of his sentence on home confinement would provide a cost savings to the Government. (Doc. No. 39).

The Court has considered the parties' arguments and has determined that Defendant is not entitled to compassionate release under either the First Step Act or the Second Chance Act.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director or the Bureau of Prisons, **or upon motion of the defendant** after the defendant has fully exhausted all administrative rights to appeal a failure to the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or

without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)… [1]

18 U.S.C. § 3582(c)(1) (emphasis added).

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regards to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

    (A) Medical Condition of the Defendant --

    (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

    (ii) The defendant is –

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

(B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.C. § 1B1.13, application note 1; see also 28 U.S.C. § 994 (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction).

Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. U.S.S.G. § 1B1.13, application note 3.

Assuming that Defendant has satisfied § 3582(c)(1)'s exhaustion requirement, he does not qualify for relief based on either extraordinary and compelling circumstances under subsection (i) or age under subsection (ii).

First, Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" supporting his Motion pursuant to § 3582(c)(1)(A)(i). Defendant admits that he does not have a terminal or serious health condition or deterioration in physical or mental health due to aging. He fails to identify any other circumstances that are "extraordinary and compelling" under the applicable policy statement. Although the Court is required to consider the Sentencing Commission's policy regarding extraordinary and compelling circumstances, Defendant argues that the Court should disregard § 1B1.13 because it has not yet been amended pursuant to the First

Step Act. The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director to do so on his behalf. However, Defendant has failed to demonstrate how the policy statement addressing extraordinary and compelling reasons conflicts with the First Step Act's amendments to § 3582. None of the reasons Defendant has included in his Motion are extraordinary and compelling under § 1B1.13. Even if § 1B1.13 was invalidated by the First Step Act, the circumstances Defendant cites are not extraordinary and compelling or under any other theory the Court can conceive. Although his desire to spend the remainder of his sentence at home is understandable, it is not an extraordinary or compelling circumstance under any measure. Defendant has failed to make the required showing and his claim under subsection 3582(c)(1)(A)(i) will be denied.

Second, Defendant does not meet the requirements for relief under § 3582(c)(1)(A)(ii). Although Defendant states that his current age is 70, Section 3582(c)(1)(A)(ii) additionally requires him to have served at least 30 years in prison and a determination by the BOP Director that he is not a danger to the safety of any other person or the community. Defendant has not satisfied the 30-year requirement and has failed to allege that BOP has made a determination regarding his dangerousness. Accordingly, to the extent Defendant seeks relief under § 3582(c)(1)(A)(ii), he is not eligible for such a reduction and his request will be denied.

Nor has Defendant demonstrated that he is eligible for compassionate release under the Second Chance Act. In 2007, Congress authorized the Attorney General to create a pilot program to consider the release of elderly inmates to home detention. 34 U.S.C. § 60541(g) (previously 42 U.S.C. § 17541). The First Step Act reauthorized the pilot program, broadened the definition of "elderly" inmates and included "terminally ill offenders" as a new category of inmates for whom

home detention may be available. <u>See</u> 34 U.S.C. § 60541(g). Home detention is available "upon written request from either the Bureau of Prisons or an eligible elderly offender or eligible terminally ill offender." 34 U.S.C. § 60541(g)(1)(B).

The Government argues, and Defendant has not refuted, that the Second Chance Act has no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g).[2] <u>See</u>, <u>e.g.</u>, <u>United States v. Perez-Asencio</u>, 2019 WL 626175 (S.D. Cal. Feb. 14, 2019) (noting that § 60541 only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement); <u>United States v. Curry</u>, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (concluding that prisoner's request for sentence modification in his criminal case was unavailable under § 60541 because the statute gives the "*Attorney General* the discretion to determine if and when home confinement is appropriate…." or "modify the method of imprisonment.").

For all the foregoing reasons, Defendant has failed to demonstrate that he should be granted compassionate release and therefore his Motion will be denied.

**IT IS, THEREFORE, ORDERED** that

(1)     Defendant's Motion for Modification of Imposed Term of Imprisonment, (Doc. No. 35), is **DENIED.**

(2)     The Clerk of Court is instructed to terminate docket entries 33 and 34, which are not active motions.

Signed: April 3, 2019

Frank D. Whitney
Chief United States District Judge

---

[2] The Court expresses no opinion regarding the availability of relief pursuant to civil remedies such as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.