# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cr-263-FDW-1

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JERRY WAYNE OVERCASH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Reconsider Order, (Doc. No. 41), addressing the Court's denial of Defendant's Motion seeking compassionate release pursuant to the First Step Act of 2018. See (Doc. No. 40).

Defendant filed a Motion through counsel asserting that he should be granted compassionate release to home confinement because he has exhausted his administrative remedies and due to extraordinary and compelling circumstances. (Doc. No. 35). The Government opposed Defendant's Motion. (Doc. No. 38). The Court denied the Motion after determining that Defendant is not entitled to compassionate release under either the First Step Act or the Second Chance Act. (Doc. No. 40).

Defendant has now filed a Motion to Reconsider Order, arguing *inter alia* that the Bureau of Prisons has already begun releasing prisoners to home confinement who are similarly situated to Defendant and that the Court has the authority to order home confinement.

While there is no provision in the Federal Rules of Criminal Procedure governing motions for reconsideration, the courts are guided by the standard set in the Federal Rules of Civil Procedure in determining such motions in criminal cases. See, e.g., Nilson Van & Storage Co. v.

Marsh, 755 F.2d 362 (4th Cir. 1985); United States v. Garcia, 2015 WL 7313425 (W.D.N.C. Nov. 19, 2015). "A motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court 'rethink what the Court ha[s] already thought through—rightly or wrongly.'" United States v. Dickerson, 971 F.Supp. 1023, 1024 (E.D. Va. 1997) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, a motion for reconsideration can be successful in only three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). When a party in a criminal case moves for reconsideration, it is within the sole discretion of the district court to determine whether it is appropriate to grant the motion. Dickerson, 971 F.Supp. at 1024 (citing Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989)).

The Court has already fully considered Defendant's arguments and rejected them. The only potentially new argument that the Defendant has presented is the Bureau of Prisons' treatment of other inmates' requests for compassionate release. However, the reasons for denying Defendant's Motion remains valid. Defendant has failed to establish any basis for reconsideration and the instant Motion will therefore be denied.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reconsider Order, (Doc. No. 41), is **DENIED.**

Signed: May 23, 2019

Frank D. Whitney
Chief United States District Judge