**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:15-cr-263-FDW-1**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **ORDER** |
| **v.** ) | |
| ) | |
| **JERRY WAYNE OVERCASH,** ) | |
| ) | |
|     **Defendant.** ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion Concerning Supervised Release, (Doc. No. 45).

Defendant pled guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371. In a Judgment docketed on April 28, 2016, the Court sentenced him at the bottom of the advisory guideline range to 46 months' imprisonment followed by two years of supervised release and assessed $1,341,259.56 in restitution. (Doc. No. 24). Defendant did not appeal.

Defendant filed a Motion through counsel asserting that he should be granted compassionate release to home confinement because he has exhausted his administrative remedies and due to extraordinary and compelling circumstances. (Doc. No. 35). The Government opposed Defendant's Motion. (Doc. No. 38). The Court denied the Motion after determining that Defendant is not entitled to compassionate release under either the First Step Act or the Second Chance Act. (Doc. No. 40). Defendant filed a Motion for reconsideration that was also denied. (Doc. Nos. 41, 44).

1

Defendant was released to home confinement on July 31, 2019 and his term of incarceration is expected to end on March 18, 2020. See (Doc. No. 45 at 1). In the instant Motion, Defendant asks the Court for leave to travel to Australia as soon as possible after March 18, 2020, where his wife, son, and grandchildren live, and that he be allowed to "serve his two year term of supervised release or an unsupervised basis" in Australia. (Doc. No. 45 at 2).

The Government opposes Defendant's Motion. (Doc. No. 48). It notes that the United States Probation Office ("USPO") is in the best position to evaluate Defendant's Motion seeking leave to travel to Australia and defers to the USPO and Court on that matter. The Government argues that Defendant's request that he be permitted to serve supervised release on an unsupervised basis in Australia is functionally identical to early termination of supervised release, and that the request therefore be analyzed pursuant to 18 U.S.C. § 3583(e)(1). That Section permits termination of supervised release only after one year of supervised release has expired. Defendant's request should be denied because it contradicts § 3583(e)(1) and because the USPO has advised the Government that it opposes termination prior to the expiration of one year.

In his Reply, (Doc. No. 49), Defendant argues that relief may be granted under § 3583(e)(2), which permits the modification, reduction, or enlargement of the conditions of supervised release at any time prior to its expiration or termination without a one-year minimum. He analogizes his request to an immigration case involving deportation during a term of supervised release. He goes on to argue that he has metastasized cancer, multiple recent surgeries, and that he might not live another year.

The Court has considered the Defendant's Motion, the relevant circumstances of the case and of Defendant's condition, the position of the USPO, and the relevant law. Plaintiff's Motion will be denied insofar as he will be required to serve at least the first year of supervision in the

United States. However, this denial is without prejudice for the Defendant to seek early termination if he successfully completes his first year of supervised release.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion Concerning Supervised Release, (Doc. No. 45), is **DENIED** without prejudice to seek early termination of supervised release after the Defendant successfully completes one year of supervised release.

**IT IS SO ORDERED**.

Signed: January 16, 2020

Frank D. Whitney
Chief United States District Judge